UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Wendy Evans, et al.

    v.                           Civil No. 04-cv-103-JD
                                     Opinion No. 2005 DNH 104

Taco Bell Corp.


### O R D E R

Taco Bell Corp. has moved for summary judgment on the plaintiff's claims for injuries she allegedly suffered upon learning that an employee of a Taco Bell restaurant she and her family patronized had been diagnosed with Hepatitis A.  The plaintiff, Wendy Evans, who brought the suit as a putative class action, objects on the basis of Rule 56(f) of the Federal Rules of Civil Procedure.  Treating the objection as a motion, Taco Bell has filed its own objection to any Rule 56(f) relief.


### Background

An employee of the Taco Bell restaurant in Derry, New Hampshire, was diagnosed with Hepatitis A on February 25, 2004. That same day, Taco Bell notified the New Hampshire Department of Health and Human Services, which immediately began an investigation.  As a result, the department issued a health advisory on February 27, 2004, which, in relevant part, announced public immunoglobulin clinics to inoculate those potentially

exposed to the disease.

Evans, her husband, and their three minor children, who claim to have consumed food from the restaurant in question on both February 7, 2004, and February 21, 2004, were inoculated at one of the clinics on February 29, 2004.  Evans remained fearful, however, because she allegedly was told that the inoculations would be effective against only their second possible exposure to the disease, if at all.  Evans claims that the inoculations were physically painful and that everyone in her family experienced nausea and headaches in their wake.  She further alleges that, on March 6, 2004, her children developed a rash for which she sought to have them treated, only to learn that they could not be tested for Hepatitis A for at least another week.  On March 11, 2004, still unaware of whether her family had contracted the disease, Evans brought this lawsuit.[1]

The defendants then removed the action to this court on the basis of diversity jurisdiction.  Evans responded with a motion to remand the case on the ground that one of the putative John Doe defendants, the restaurant manager, resided in New Hampshire and that complete diversity was therefore lacking.  Following the defendants' objection to the motion, which pointed out that the

_____

[1]The complaint named a number of defendants in addition to Taco Bell Corp., including certain parent and subsidiary corporations.  All of those parties were subsequently dismissed from the case without prejudice by stipulation of the parties.

2

citizenship of defendants sued under fictitious names is disregarded for purposes of determining diversity, see 28 U.S.C. § 1441(a),[2] Evans filed a motion seeking to add the manager as a named defendant, asserting that she resided in New Hampshire.

The motions were referred to the magistrate, who denied them as part of an order sharply criticizing the motion practice of Evans's counsel and likening their legal work to "that of pro se litigants."[3]  2004 WL 103995 (D.N.H. Apr. 21, 2004), at *2 n.1. Citing L.R. 1.3(a), which authorizes the imposition of sanctions for failure to comply with the Local Rules, the magistrate announced that Evans's "[c]ounsel are forewarned."  Id.  The court itself subsequently cautioned that "[a]ppropriate sanctions are available and will be employed by the court should Evans engage in similar motion practice in the future."  326 F. Supp. 2d 214, 225 n.14 (D.N.H. 2004).

Meanwhile, on May 7, 2004, the parties filed a joint discovery plan in which the defendants proposed that initial disclosures and other discovery in the case await a decision on the summary judgment motion they intended to file, while Evans wished to proceed with discovery on the issue of class

---

[2]The defendants had also made this point in the notice of removal itself.

[3]In a separate order, the magistrate granted the defendants' motion to allow one of its lawyers to appear pro hac vice over Evans's objection, which he deemed "frivolous."

certification.  At the preliminary pretrial conference, held May
11, 2004, Evans's counsel announced their intention to file a
second motion for remand, this time on the ground that the
defendants had failed to allege the requisite amount in
controversy in their notice of removal.  The court indicated that
it would rule on that motion before resolving the dispute over
how discovery was to proceed.  Following the submission of
extensive briefing on the remand motion, as well as the
defendants' related motion to amend their notice of removal, the
court issued an order on July 14, 2004, denying those motions as
well as the defendants' request to forestall discovery so they
could move for summary judgment.[4]  326 F. Supp. 2d 214 (D.N.H.
2004).  The court also ordered the parties to submit a new joint
discovery plan by July 23, 2004.

The ensuing plan, formulated during a Rule 26(f) conference
held on July 16, 2004, set a deadline of January 13, 2005, for
the completion of discovery, with all interrogatories, document
requests, and requests for admissions to be served by October 15,
2004.  The plan, which the court subsequently approved, also
noted that "[a]ll discovery at this stage [shall] be tailored
solely towards issues relevant to the court's determination of
class certification and/or summary judgment."  Prop. Disc. Plan

---

[4]The order also denied the defendants' motion to require
Evans to post security for their costs under L.R. 67.1(a).

4

at 4.  On November 8, 2004, Taco Bell filed its motion for
summary judgment, giving Evans until December 8, 2004, to file
her objection.  The parties later agreed that Evans could "have
up to and including February 14, 2005 to obtain Affidavits and
conduct depositions to respond" to the summary judgment motion,
filing a stipulation to that effect which the court approved.

When that deadline arrived, however, Evans moved to extend
her time to respond to the summary judgment motion again, to
March 16, 2005.  In the motion, to which Taco Bell assented,
Evans stated that while she had taken depositions during the
preceding months, she had "requested the opportunity to depose
additional witnesses affiliated with" Taco Bell, which had since
provided their contact information.  Mot. Extend Deadline ¶¶ 4-5.
The parties had therefore agreed to give Evans an additional
thirty days to respond to the summary judgment motion while
counsel scheduled the additional depositions.  The motion also
noted that "further agreed upon pleadings may be filed addressing
scheduling in this matter."  Id. ¶ 7.  After the court granted
the motion, the parties jointly moved to extend Evans's deadline
to respond to summary judgment a third time.  This motion noted
that Evans "anticipate[d] that all but one of the depositions
relevant to Defendant's motion for Summary Judgment can be
completed within thirty (30) days," i.e., by March 20, 2005.
Joint Mot. Extend Deadline ¶ 6.  Because that one witness would

not be available until March 28, 2005, the parties requested an extension of Evans's deadline to respond to the summary judgment motion to April 22, 2005.  The court granted the motion.

The depositions did not, however, progress as anticipated. It was not until April 5 and 6, 2005, that Evans deposed the restaurant manager, Frances Greenwood; the "market coach" at the time of the hepatitis scare, Joseph Yund; or the acting "area coach" at that time, Stella Stout.  Evans gives no reason why she did not seek to depose Greenwood, whom she has known to be a potential witness since the outset of this case, and, indeed, had sought to add as a party-defendant, until the eve of the deadline to object to the summary judgment motion.[5]

Evans's counsel had announced his intention to depose Yund and Stout immediately after learning of their apparent relevance to the case through the depositions of other Taco Bell employees on December 16 and 17, 2004.  Counsel for Taco Bell responded, on January 5, 2005, that his client would not voluntarily produce Yund and Stout for deposition and that their depositions would

---

[5]One of Evans's attorneys recounts that they verbally requested, at an unspecified time, that counsel for Taco Bell provide Greenwood's address so she could be subpoenaed or, alternatively, that he agree to accept service of the subpoena on her behalf.  Counsel for Taco Bell responded on March 1, 2005, by providing Greenwood's address and refusing to accept service. But Evans's counsel does not explain why they waited until the winter of 2005 to make these requests.

therefore have to proceed by subpoena.  Nevertheless, Evans's
counsel waited until February 15, 2005, to ask counsel for Taco
Bell to provide addresses at which Yund and Stout could be
subpoenaed.  Evans's counsel also did not cause those subpoenas
to issue until March 17, 2005, despite receiving Yund's address
on February 22, 2005, and Stout's address on March 1, 2005.

In addition, counsel for Evans has yet even to issue a
subpoena to depose another Taco Bell employee, Edward LaClair,
who was identified as "familiar with Taco Bell quality assurance
programs" in Taco Bell's supplemental initial disclosures of
October 27, 2004.  Hutchins Aff. ¶ 17, Ex. 2, § A(5).  As they
did with Yund and Stout, Evans's counsel announced their
intention to depose LaClair through the December 17, 2004, letter
to counsel for Taco Bell and learned in response that the company
would not voluntarily make LaClair available for deposition.
Taco Bell's counsel, however, provided LaClair's address to
counsel for Evans on February 11, 2005, even earlier than they
had furnished that information for Yund or Stout.  Evans's
counsel suggest that they did not prioritize LaClair's deposition
because they remained unaware of what they characterize as his
"active role" in the events at issue in this case until
Greenwood's deposition on April 5 and 6, 2005.  Nevertheless, in
a February 15, 2005, letter to counsel for Taco Bell, counsel for
Evans included LaClair among six witnesses whose depositions were

being sought, asking for his address so a subpoena could be issued.[6]  Again, although Evans's counsel had already been given LaClair's address at that point, and despite the passage of more than four months, a subpoena has yet to issue.

Finally, based on the deposition testimony of the Taco Bell employees taken on December 16 and 17, 2004, counsel for Evans asked Taco Bell to produce a number of different categories of documents.  Because the request was made via the December 17, 2004, letter, counsel for Taco Bell responded by asking their adversaries to resubmit it in the form of a request for the production of documents issued pursuant to Fed. R. Civ. P. 34.  When counsel for Evans had not done so by February 11, 2005, Taco Bell's counsel stated in writing that they assumed their counterparts no longer wanted the documents.  Nevertheless, counsel for Taco Bell subsequently agreed to respond to the requests, which they did on March 31, 2005, by providing certain documents, asserting that others did not exist, and raising

---

[6]One of Evans's attorneys explains that, based on the deposition testimony of the infected employee's mother, they believed that someone named "Edward Dupont" had played the role they now attribute to LaClair.  Counsel for Evans had therefore asked to depose "Dupont," though never in lieu of LaClair, and now faults Taco Bell's lawyers for not pointing out that "Dupont" did not actually exist.  The court fails to appreciate how this metaphysical misunderstanding could have possibly contributed to any delay in issuing a subpoena to LaClair, whose existence was revealed in Taco Bell's initial disclosures and has not since been called into question.

objections to the balance of the requests.  Evans's counsel wrote back a few days later, pressing some of the objected-to requests and threatening "to seek court intervention, including an award of court fees and costs" unless Taco Bell relented.  Hutchins Aff. ¶ 15, Ex. 8, at 2.  Although Evans's lawyers assert that counsel for Taco Bell had yet to respond to the letter as of April 22, 2005, no motion to compel has been filed.

Counsel for Evans does, however, wish to propound another Rule 34 request to Taco Bell seeking documents assertedly referenced at the Greenwood and Young depositions.  Although those depositions occurred more than three weeks before Evans filed her Rule 56(f) objection, one of her attorneys explains that he could not have served the request before getting the depositions transcripts because "[i]t [was] necessary for [him] to have the actual transcripts of the depositions in front of [him] so that [he could] ensure that the language used in [the request] in referencing specific documents [was] accurate."  Hutchins Aff. ¶ 12.  At present, an additional month has passed since the depositions occurred, but it remains unclear whether Evans's counsel has issued the document request.

## Discussion

Rule 56(f) of the Federal Rules of Civil Procedure, entitled "When Affidavits are Unavailable," provides that:

> Should it appear from the affidavits of a party
> opposing [a summary judgment] motion that the party
> cannot for reasons stated present by affidavit facts
> essential to justify the party's opposition, the court
> may refuse the application for judgment or may order a
> continuance to permit affidavits to be obtained or
> depositions to be taken or discovery to be had or may
> make such other order as is just.

The First Circuit has held that "use of the rule . . . requires

meeting several benchmarks," pithily described as

"authoritativeness, timeliness, good cause, utility, and

materiality."  Resolution Trust Corp. v. N. Bridge Assocs., 22

F.3d 1198, 1203 (1st Cir. 1992); see also Guzman-Ruiz v.

Hernandez-Colon, 406 F.3d 31, 35 (1st Cir. 2005).  The "good

cause" requirement mandates that an applicant for Rule 56(f)

relief demonstrate its "due diligence both in pursuing discovery

before the summary judgment initiative surfaces and in pursuing

an extension of time thereafter."  Ayala-Gerena v. Bristol Myers-

Squibb Co., 95 F.3d 86, 92 (1st Cir. 1996).  The "utility" and

"materiality" requirements work in conjunction to demand that the

applicant "'set forth a plausible basis for believing that

specified facts . . . probably exist' and 'indicate how the

emergent facts, if adduced, will influence the outcome of the

pending summary judgment motion.'"  C.B. Trucking, Inc. v. Waste

Mgmt., Inc., 137 F.3d 41, 44 (1st Cir. 1998) (quoting Resolution

Trust, 22 F.3d at 1203).  In objecting to Evans's request for

Rule 56(f) relief, Taco Bell argues that she has failed to show

good cause, utility, or materiality.[7]

The court agrees.  First, Evans has not demonstrated that she was diligent in pursuing discovery either before or after Taco Bell filed its motion for summary judgment.  All methods of discovery authorized by the Federal Rules of Civil Procedure have been available to Evans from the time the parties conducted their scheduling conference in this case on July 16, 2004, until the deadline to respond to the summary judgment motion finally lapsed on April 22, 2004.  Fed. R. Civ. P. 26(d).  Indeed, although Evans, joined by Taco Bell, initially proposed that she complete all discovery relevant to the summary judgment motion by January 13, 2005, the court proceeded to give her additional time to conduct such discovery on three separate occasions.  Thus,

---

[7]Taco Bell also argues that, because Evans's objection includes a "request that, if granted, would require the court to proceed other than in the ordinary course," she has disregarded L.R. 5.1(c) by failing to note the request on the first page of her filing either immediately to the right of or immediately beneath the caption.  For the same reason, as Taco Bell also points out, Evans should have made a good faith effort to obtain its concurrence to Rule 56(f) relief and included a certification to that effect in the filing.  L.R. 7.1(c).  Although Taco Bell argues that these failures alone justify a denial of Rule 56(f) relief, the circuit has indicated that a request made in written form and filed in response to the summary judgment motion generally suffices to invoke the rule.  Patterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 988 (1st Cir. 1988).  Nevertheless, in light of the magistrate's warning to Evans's counsel that disregarding the Local Rules was at their peril, the wiser course would have been to file their request as a motion in compliance with the relevant provisions of L.R. 5.1 and 7.1.

despite a discovery period of more than nine months, the last three of which were devoted exclusively to discovery in response to Taco Bell's motion for summary judgment,[8] Evans has yet to complete the discovery she deems material to the motion.

Through their affidavits submitted in support of the Rule 56(f) objection, Evans's counsel strive mightily to shift the fault for this state of affairs from themselves to counsel for Taco Bell.  The fault, however, lies squarely with counsel for Evans.  Although they seek to attribute the delays in deposing certain witnesses to the lack the addresses at which they could be subpoenaed, the fact remains that Taco Bell provided LaClair's address on February 11, Yund's on February 22, and Stout's and Greenwood's on March 1, 2005.[9]  Even at the latest of these

---

[8]Because Evans, either alone or in conjunction with Taco Bell, sought to extend the discovery deadline solely to enable her to respond to the summary judgment motion, the extensions were granted for that purpose alone.  Accordingly, conducting discovery on any other subject after the initial discovery cutoff of January 13, 2005, would have been in violation of the court's scheduling order.

[9]Evans's attorneys also suggest that Taco Bell delayed the depositions by refusing to produce these witnesses for deposition voluntarily.  Taco Bell appears to have had a sufficient basis for doing so, see, e.g., Contardo v. Merrill Lynch, Pierce, Fenner & Smith, 119 F.R.D. 622, 623 (D. Mass. 1988) (noting that only officer, director, or managing agent of corporate party may be deposed on notice pursuant to Fed. R. Civ. P. 30(b)(1)), but, in any event, their position went unchallenged by Evans. Moreover, because Taco Bell notified Evans of its position less than three weeks after she announced her intention to take the depositions, it should have delayed her efforts to issue subpoenas only minimally, if at all.

12

dates, more than fifty days remained until the April 22 deadline
to complete discovery on the summary judgment motion.
Inexplicably, however, counsel for Evans waited until March 17 to
issue subpoenas to Yund, Stout, and Greenwood, and never even
bothered to issue one to LaClair.

Moreover, the court notes that Evans's lawyers could likely
have obtained all of the witnesses' names and addresses as early
as the end of last summer had they simply propounded an
interrogatory to Taco Bell asking it to identify persons with
knowledge of the facts underlying the litigation.[10]  Such an
interrogatory is standard practice in virtually every civil case.
Instead, counsel for Evans chose to proceed solely by taking
depositions, starting with those of low-level Taco Bell
employees, and even those did not start until five months into
the discovery period, on December 16, 2004.[11]  Based on the
detailed history of discovery in this case recited in the

---

[10]In the context of a discovery request, "identify" is
usually defined to require the responding party to give both the
last known address and place of employment of any person named in
response.  See, e.g., L.R., D. Mass. 26.5(C)(3) (defining
"identify" to this effect when used in discovery requests).

[11]One of Evans's attorneys recounts that they announced
their desire to depose these employees on October 18, 2004, but
that counsel for Taco Bell did not "agree[] to make those four
employees available for deposition" until November 30, 2004.
Consavage Aff. ¶ 25.  Nevertheless, by October 18, discovery had
already been open for three months before counsel for Evans even
asked, and they did not need to wait for a response:  they could
simply have issued deposition notices or subpoenas.

Consavage affidavit, in fact, it appears that Evans never propounded any interrogatories to Taco Bell.  Rule 56(f) offers no help to litigants who, like Evans, have chosen not to help themselves through available mechanisms for discovery. Resolution Trust, 22 F.3d at 1203 ("Rule 56(f) is designed to minister to the vigilant, not to those who slumber upon perceptible rights.")

In another departure from typical discovery practice, Evans appears to have waited until after taking the depositions in December to ask Taco Bell to produce any documents.  Cf. Fed. R. Civ. P. 34.  Although deponents occasionally testify about documents which interrogating counsel had no previous basis to believe existed, the vast majority of the documents requested in the wake of the depositions of the low-level Taco Bell employees do not fit that description.  Instead, they constitute documents which Taco Bell could have been asked to produce right up front, including the test results of any employees screened for Hepatitis A, any written statements given by employees about the incident giving rise to the lawsuit, and any communications between Taco Bell and the state Department of Health and Human Services.[12]  See Hutchins Aff. ¶ 13, Ex. 3, at 3-4.

---

[12]The same is true of many of the documents which Evans's counsel says he plans to request on the basis of Greenwood's and Yund's deposition testimony.  Furthermore, to the extent the proposed request asks for documents which counsel could not reasonably have believed to exist prior to the Greenwood

14

Again, the failure of Evans's counsel to exercise her rights to discovery in a timely fashion disqualifies her from any relief under Rule 56(f).  See Ayala-Gerena, 95 F.3d at 92-93 (upholding denial of 56(f) relief where, inter alia, applicant did not serve request for production of documents until two weeks before discovery cutoff).  In any event, Taco Bell responded to the document request on March 31, 2005, more than three weeks before Evans was due to object to the summary judgment motion.  Although Evans's counsel grouse that "the responses were incomplete," Hutchins Aff. ¶ 15, they have yet to file a motion to compel production of whatever documents were withheld.[13]  This omission further cuts against any Rule 56(f) relief.  See Rodriguez-Cuervos v. Wal-Mart Stores, Inc., 181 F.3d 15, 24 (1st Cir. 1999) (upholding denial of Rule 56(f) request where, inter alia, applicant "never requested concrete measures by the district court to intervene in discovery"); cf. Resolution Trust, 22 F.3d at 1205 (determining that applicant's delay in moving to compel outstanding discovery did not bar Rule 56(f) relief where

---

deposition, Rule 56(f) relief would still be inappropriate, given that Evans's attorneys knew who Greenwood was at the time they filed the case yet did not even ask for her deposition until some later, unspecified time.  See note 7, supra.

[13]Similarly, Hutchins complains that time was wasted during his adversaries' refusal to respond to the request on the ground that it was not in the proper form, but also never moved to compel a more timely response.

adversary had baselessly refused to make timely response, ignored representation to court that it would respond promptly, and missed deadline to respond set by court's sua sponte order).

Furthermore, even if Evans's own counsel deserved no blame for not taking the Yund, Stout, and Greenwood depositions until April, the fact remains that those depositions have already been taken.  Indeed, they were completed more than two weeks before Evans's deadline to object to Taco Bell's motion for summary judgment.  In this day and age, where stenographers routinely make a rough copy of a deposition transcript accessible to counsel in electronic format on the same day as the deposition itself, Evans's counsel's suggestion that transcripts of depositions conducted on April 5, 6, and 7, would not become available until April 27 strikes the court as disingenuous.[14] The same is true of their further claims that they need to wait until the deponents have read and signed the transcripts to begin evaluating them, and then need "two to three weeks" beyond that to "review[] and index[]" the transcripts before they can be used in objecting to summary judgment.  Mem. Supp. 56(f) Obj. at 8.

---

[14]Although Hutchins claims in his affidavit that the court reporter has so informed his office, he does not say whether he asked that the transcripts be prepared in a rush, which is a service that stenographers commonly provide for an additional fee.  Given counsel's knowledge of the impending deadline to file the summary judgment objection at the time the depositions were taken, a request for expeditious transcripts would have been in order as soon as the court reporter was scheduled.

In any event, the delay in receiving the transcripts calls out not for Rule 56(f) relief, but for an extension of the deadline to respond to the summary judgment motion so that the transcripts can be filed with the objection.

Finally, Evans's counsel have failed to complete the discovery they characterize as essential to opposing Taco Bell's motion for summary judgment despite the fact that they have known the precise bases for that motion since November 8, 2004, when Taco Bell filed it.  Under these circumstances, there is absolutely no "good cause for the failure to have discovered the facts sooner" as generally required for relief under Rule 56(f). Resolution Trust, 22 F.3d at 1203.

Evans's plea for the assistance of Rule 56(f) also fails on another, independent basis.  To invoke the rule successfully, "[a] petitioning party must offer the trial court more than optimistic surmise.  He must give the court reason to believe that undiscovered facts exist and that those facts, if obtained, would help defeat the pending motion." Vargas-Ruiz v. Golden Arch Dev., Inc., 368 F.3d 1, 4 (1st Cir. 2004).  In attempting to make this showing, Evans relies solely on Hutchins, who offers nothing beyond conclusory assertions.  Although he describes the deposition testimony of Greenwood and Yund in some detail, he makes no effort whatsoever to explain its relevance, declaring merely that the depositions "provided substantial factual

17

information which would support denial of defendant's Motion for Summary [*sic*], including the plaintiff's count for violation of New Hampshire's Consumer Protection Act (RSA 358-A)."[15]  Hutchins Aff. ¶ 11.  Hutchins claims simply that the documents he intends to request in light of the Greenwood and Yund depositions are "likely very relevant and necessary in order for [Evans] to prepare her Objection . . . ."  Id. ¶ 12.  Hutchins characterizes LaClair as a "critical witness whose deposition is necessary before [Evans] can object to the pending Motion," but elaborates only that LaClair had "obvious knowledge of and actively [*sic*] corporate involvement in the response of Taco Bell to the subject incident . . . ."  Id. ¶¶ 20-21.  Hutchins does not give any indication as to how the documents Taco Bell has assertedly yet to produce in response to his request of December 17, 2004, or the deposition testimony Stout has given, might bear upon the summary judgment motion.

Rule 56(f) demands considerably more, both in terms of the probable existence of discoverable facts and the materiality of such facts to the pending summary judgment motion.  E.g., Resolution Trust, 22 F.3d at 1203.  "[A] plaintiff's speculative assertions that the defendant has unspecified facts in its

---

[15]In any event, as previously noted, Evans should now be in possession of the Greenwood and Stout deposition transcripts and therefore has the present ability to file them along with her objection to the summary judgment motion.

possession necessary for the plaintiff to develop its legal
theories coupled with conclusory statements that discovery should
be commenced are 'entirely inadequate to extract the balm of Rule
56(f).'" C.B. Trucking, 137 F.3d at 45 (quoting Patterson-Leitch,
840 F.2d at 989)); see also, e.g., Mattoon v. City of Pittsfield,
980 F.2d 1, 7 (1st Cir. 1992) (upholding entry of summary
judgment before completion of discovery despite Rule 56(f) where,
inter alia, plaintiffs "merely conjecture[d] that something might
be discovered" but provided no basis for believing that discovery
would disclose evidence creating a genuine issue of fact
sufficient to defeat summary judgment).

In addition to her lack of diligence in pursuing the
discovery she now claims to need, Evans has come forward with no
reason to believe that the discovery will turn up any facts
bearing upon Taco Bell's summary judgment motion.  Her motion for
relief under Rule 56(f) is therefore denied.  Because the
discovery cutoff has already passed, there shall be no further
discovery pending the court's decision on summary judgment.
Evans shall file an objection to Taco Bell's motion for summary
judgment by July 20, 2005.

Finally, in its objection to Evans's request for Rule 56(f)
relief, Taco Bell asks that "all Court costs and attorney's fees
be taxed against [her]."  Mem. Obj. Mot. for Relief at 6.
Insofar as Taco Bell seeks an order requiring Evans to pay its

attorneys' fees incurred in connection with responding to the
Rule 56(f) application, the request must be made through a
separate motion.  Fed. R. Civ. P. 11(c)(1)(A); L.R. 7.1(a)(1).
Based on the foregoing analysis, however, it appears that Evans's
Rule 56(f) request might have been presented "to cause
unnecessary delay or needless increase in the cost of litigation"
in violation of Rule 11(a)(b)(1).  This gives the court
particular concern in light of the history of this litigation and
the prior admonitions to Evans's counsel by both the magistrate
and the court itself.  Accordingly, if Taco Bell wishes to pursue
the issue of sanctions against Evans's counsel in connection with
the Rule 56(f) objection, it shall do so by motion pursuant to
Fed. R. Civ. P. 11(c)(1)(A).  It is unfortunate that the
resources of the court and the parties have had to expended on an
issue that never should have been a problem in this case.


## Conclusion

For the foregoing reasons, Evans's application for relief
under Fed. R. Civ. P. 56(f) (document no. 50) is denied.  Evans
shall file an objection to Taco Bell's motion for summary
judgment by **July 20, 2005.**  Taco Bell's request for attorneys'

fees is denied without prejudice to its ability to pursue such

relief by motion under Fed. R. Civ. P. 11(c)(1)(A).

      SO ORDERED.


                        _____
                        Joseph A. DiClerico, Jr.
                        United States District Judge

June 30, 2005

cc:  Peter E. Hutchins, Esquire
     Andrew W. Serell, Esquire
     Bruce G. Tucker, Esquire